UNITED STATES OF AMERICA
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,                CIVIL NO. 15-3239 (DWF/JSM)

    Plaintiff,

v.                                                                REPORT AND RECOMMENDATION

VICIE CHRISTINE WILLIAMS,

    Defendant.

Vicie Christine Williams was cited in Hennepin County District Court for two traffic violations on May 14, 2014.[1]  She appears to be attempting to remove her resulting criminal misdemeanor case to this Court under the federal removal statutes, 28 U.S.C. § 1441, et seq.  Williams did not pay any filing fee with her notice of removal, but she has filed an application seeking leave to proceed *in forma pauperis* ("IFP") [Docket No. 2], which must be addressed before this action can proceed in federal court.  The matter has been referred to this Court for a Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, the Court finds that this case is not removable to federal court.  The Court will therefore recommend that Williams' IFP application be denied, that her notice of removal be vacated, and that this action be summarily remanded to the state court where it was originally commenced.

---

[1]     In her caption, Williams has indicated that the United States of America is the plaintiff but in her state criminal case, the plaintiff is the State of Minnesota.  This Court assumes she meant to provide the State of Minnesota as the plaintiff here since she attached several documents as exhibits with Minnesota in the caption.

I. BACKGROUND

Based on the state court documents Williams provided as attachments to her notice of removal, it appears that she was cited for unauthorized use of a handicap permit and for blocking a handicap transfer area on May 14, 2014.  Incident Information Report [Docket No. 1-4, p. 3].  The fee for the violation was $608.00.  *Id.*  On November 25, 2014, she was given an "Arraignment/First Appearance" date of December 17, 2014.  [Docket 1-4, p. 2].  She signed a document on December 17, 2014 stating that she understood her rights in misdemeanor cases so presumably she appeared for that court date.  [Docket 1-4, p. 4].  On June 17, 2015, Williams appears to have been bailed out of the Hennepin County Adult Detention Center with $78.00 bail for the traffic violations related to the handicap permit offenses.  She was then given a court date of July 1, 2015.  [Docket No. 1-4, pp. 5-6].  On August 7, 2015, Williams filed a Notice of Removal under 28 U.S.C. § 1441.  From an examination of the Minnesota Courts website,[2] it appears that she pled not guilty to the charges at issue on July 1, 2015 and was convicted on August 12, 2015.  Williams' Notice of Removal is 48 pages long and difficult to follow.  The basis for removal in her pleadings appears to be on the first page where she cites to the removal statute, 28 U.S.C. § 1441, and the diversity statute, 28 U.S.C. § 1332.  Notice of Removal, p. 1 [Docket No. 1].

---

[2] Minnesota Trial Court Public Access, Minnesota Judicial Branch, Criminal/Traffic/Petty Case Records, http://pa.courts.state.mn.us.

II.     DISCUSSION

Although Williams cites to 28 U.S.C. § 1441 of the removal statutes, 28 U.S.C. § 1455 actually provides the "[p]rocedure for removal of criminal prosecutions."[3] Under § 1455(b)(4), the "United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." Williams' notice of removal is both untimely and substantively inadequate.

First, Williams' notice is untimely. Under § 1455(b)(1) a "notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant . . . leave to file the notice at a later time." Williams' arraignment/first appearance was scheduled for December 17, 2014 and, according to a document she signed on that date outlining her rights, she was present for the appearance. Docket No. 1-4, pp. 2, 4. Her deadline for filing this removal action under § 1455 was therefore in January of 2015. Although she was given a new court date of July 1, 2015 after she was arrested and posted bail on June 17, 2015, her original offense occurred in May 2014 and her original arraignment date was more than eight months before she filed her Notice of Removal. Even using the July 1, 2015 arraignment date, however, Williams filed her

---

[3] Williams also cites to 28 U.S.C. § 1332, which is the diversity statute. Complaint, p. 1 [Docket No. 1]. However, the diversity statute can provide a basis for federal subject matter jurisdiction in civil cases. The diversity statute does not apply where the defendant is attempting to remove a criminal case from state to federal court.

3

Notice on August 8, 2015, which was still too late. Williams has not requested leave to make a late filing now nor shown any good cause for this Court to grant such leave.

Even assuming Williams' attempted removal was timely, however, Williams provides no substantive legal basis to support it. Williams cites to 28 U.S.C. § 1441 as the basis for her removal action, but that provision is for removal of a civil action. Williams does not provide any coherent reason that her criminal case should be removed to federal court. This Court has examined her pro se complaint to see if it could fit into any of the narrowly prescribed categories for removal of a state criminal case to federal court.

Congress has provided for a limited set of circumstances where a defendant may remove a criminal case to federal court. First, 28 U.S.C. § 1442 provides for removal of civil and criminal actions against the United States or its officers acting under color of office. *See Minn. v. Bugoni*, 2015 WL 2451255 *2 (D.Minn. 2015) (Slip Copy) (summarizing provisions of 28 U.S.C. § 1442). Second, under 28 U.S.C. § 1442, where the criminal prosecution is against a member of the armed forces "on account of an act done under color of his office or status," the defendant may be able to remove the case to federal court. Williams does not cite to either of these removal statutes, nor does she allege she fits into any of these categories of defendants.

Third, 28 U.S.C. § 1443 provides one additional basis for removal of a criminal prosecution. That statute provides:

> Any of the following … criminal prosecutions, commenced in a State court may be removed by the defendant . . . :
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil

4

>rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
>(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any at on the ground that it would be inconsistent with such law.

The United States Supreme Court has held that in order to remove a case under § 1443(1), a defendant must show (1) "that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality" and (2) "that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of (the) State." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quotations omitted). Williams does not allege that she satisfies either prong of this test nor does she allege that her case falls under this provision. At no point in her extensive complaint does Williams allege that she is attempting to remove her case based on any form of racial inequality or that there is an express state law that prohibits her from exercising her rights under that civil rights law.[4]

Similarly, § 1443(2) is unavailing as it is only available to "federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *Bugoni*, 2015 WL 2451255 at *3 (citing *City of Greenwood v. Peacock*, 384 U.S. 808, 824 (1966) (where petitioners argued unsuccessfully that the federal civil rights statutes conferred "color of authority" upon them even though they were not themselves federal officers)). There is therefore

---

[4] Williams provides about 30 pages of cites to cases, statutes and other authorities with no apparent relationship to each other or to the requirements for removal. Although she does cite to a civil rights statute at one point, [Docket No. 1, p. 25] it by no means forms the basis for removal of her action. She does not appear to cite to § 1443 at all in her documents.

no avenue available to Williams for removal of her state criminal prosecution to federal court.[5]

III.     RECOMMENDATION

Based on the foregoing, and on all of the files, records and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1.   Williams' application to proceed *in forma pauperis* [Docket No. 2] be DENIED.

2.   Williams' notice of removal [Docket No. 1] be VACATED.

3.   This action be REMANDED to Minnesota District Court, Fourth Judicial District.

Dated:     September 29, 2015

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

---

[5] As noted in the background section above, the Minnesota Courts website indicates that Williams was convicted on August 12, 2015. Williams filed this Notice of Removal on August 7, 2015. Under § 1455(b)(3), "[t]he filing of a notice of removal of a criminal prosecution shall not prevent the State court in which such prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the prosecution is first remanded." On remand, the Hennepin County District Court may want to consider the effect of 28 U.S.C. § 1455 on the validity of the judgment entered in this matter. *See Bugoni*, 2015 WL 2451255 at *3.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing **(October 13, 2015)**.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.